# United States District Court
# Northern District of Texas

US MARSHALS SERVICE N/TX
FORT WORTH, TEXAS

2020 MAR -2 PM 12: 41

95 27269

UNITED STATES OF AMERICA

V.

JEFFREY WATTS (1)

CASE NUMBER: 4:14-CR-146-Y

MAG. CASE NUMBER: _____

To: The United States Marshal
and any Authorized United States Officer

## WARRANT FOR ARREST OF PROBATIONER/SUPERVISED RELEASEE

You are hereby commanded to arrest the within-named probationer/supervised releasee and bring him/her, forthwith, before the United States District Court to answer charges that he/she violated the conditions of his/her probation/supervised release imposed by the Court.

NAME OF PROBATIONER/SUPERVISED RELEASEE:

JEFFREY WATTS

ADDRESS (STREET, CITY, STATE):

| PROBATION/SUPERVISED RELEASE IMPOSED BY (NAME OF COURT): | DATE IMPOSED |
|---|---|
| USDC Judge Terry R. Means, Northern District of Texas, Fort Worth Division | January 29, 2015 |

TO BE BROUGHT BEFORE (JUDGE, NAME OF COURT, CITY, STATE):

U. S. District Court, 501 W. 10th St., Fort Worth, TX 76102

_Karen Mitchell_
Karen Mitchell, U.S. District Court Clerk

_M. Moon_
(By) Deputy Clerk

March 2, 2020
Date

## RETURN

Warrant received and executed.

Date Received _____  Date Executed _____

Executing Agency (Name and Address)

Name: _____ (By) _____ Date: _____

CERTIFIED A COPY
KAREN MITCHELL, CLERK
By s/ Michelle Moon
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS
March 02, 2020

# UNITED STATES DISTRICT COURT
## for
## NORTHERN DISTRICT OF TEXAS

## Petition for Offender Under Supervision

| | |
|---|---|
| Name of Offender: | Jeffrey Watts |
| Case No.: | 4:14-CR-146-Y(01) |
| Name of Sentencing Judge: | Senior U.S. District Judge Terry R. Means |
| Date of Original Sentence: | January 29, 2015 |
| Original Offense: | Wire Fraud; 18 U.S.C. § 1343 |
| Original Sentence: | 78 months custody, 3-year term of supervised release. 5/26/2017: Custody sentence reduced to 66 months. |
| Detainers: | None |
| U.S. Marshals No.: | 76317-065 |
| Type of Supervision: | Supervised Release |
| Date Supervision Commenced: | April 13, 2018 |
| Assistant U.S. Attorney: | J. Stevenson Weimer |
| Defense Attorney: | Brent D. Boone (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the offender violated the following conditions:

### Previous Court Notifications

On April 27, 2018, the Court modified Mr. Watts's conditions to include participation in a substance abuse treatment program and prohibition from consuming alcoholic beverages. These conditions were requested by U.S. Probation Officer Teresa Perez (USPO Perez) in order to address and assist with potential issues based on his past alcohol abuse.

On July 9, 2019, the Court was advised of Mr. Watts's default status regarding restitution. No action was recommended and efforts to bring him current with restitution were instituted.

On February 12, 2020, the court was advised of Mr. Watts's arrest for Driving While Intoxicated (DWI) which occurred on January 28, 2020, and his restitution default status. However, we requested no action since the DWI case was pending and he was making regular payments toward becoming current. These violations are included below.

I.

### Violation of Special Condition

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment.

### Violation of Standard Condition No. 7

The defendant shall refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia elated to such substances, except as prescribed by a physician.

### Nature of Noncompliance

Mr. Watts violated these conditions of supervised release by consuming alcohol in January and February 2020. On February 19, 2020, Mr. Watts admitted verbally and in writing to USPO Perez that he consumed several glasses of wine throughout the day and a drink containing vodka on January 28. He further admitted consuming liquor on February 13, 2020.

On February 21, 2020, Mr. Watts further violated these conditions of supervised release by consuming alcohol as evidenced by the arrest report from the Nevada Highway Patrol Division.

### Violation of Additional Condition

The defendant is ordered to make restitution in the amount of $4,636,643.00. Restitution shall be paid to the U.S. district clerk, 501. West 10th Street, Room 310, Fort Worth, Texas 76102, for disbursement to each of the victims.

Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $4,636,643.00 in restitution ordered by this judgement remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $500 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

### Nature of Noncompliance

Mr. Watts violated this condition of supervised release when he failed to pay $500 per month toward restitution. He is currently delinquent in the amount of $4,648.

## Personal History

Jeffrey Watts commenced his term of supervised release on April 13, 2018, in the Amarillo Division of the Northern District of Texas. He was residing with his parents in Amarillo and later moved to one of their other residences on his own.

After initially meeting with Mr. Watts, USPO Perez believed a modification of conditions to include substance abuse treatment and alcohol abstinence conditions were necessary in view of his past abuse of alcohol and a prescription drug. Mr. Watts was in agreement and signed the necessary waiver of modification hearing. The Court agreed to modify the conditions and Mr. Watts was placed in treatment to assist, not only his substance abuse issues, but also his mental health issues. Considering the overwhelming pressure to secure gainful employment and pay an extremely large amount of restitution, Mr. Watts began exhibiting some notable mental health issues which resulted in inpatient placement in a mental health facility for one week. He began taking necessary psycho tropic medications and experienced an improvement in his well-being. Soon after, Mr. Watts felt transferring to Utah would be beneficial to his mental health and success on supervision. The transfer process to Utah was initiated but later

terminated when he could not become current with his delinquent restitution and he returned to Amarillo. Since that time he continued attempting to secure steady gainful employment and was traveling often for one of his jobs.

On January 28, 2020, in South Lake Tahoe, California, Jeffrey Watts was encountered by South Lake Tahoe Police Officer Brown who discovered Mr. Watts was operating a motor vehicle while intoxicated, as evidenced by his arrest for Driving While Under the Influence, in violation of 23152 (A) VC (1) and 23152 (B) VC (1). Mr. Watts submitted to a chemical breath test which indicated results of a blood alcohol level of .124 percent. According to the arrest report he admitted to officers that he consumed alcohol in Harrah's Casino in Stateline, Nevada, prior to operating his vehicle. Mr. Watts was released from custody on January 28, 2020, and cited to appear in El Dorado County Superior Court on March 20, 2020. Contact with the District Attorney's office in South Lake Tahoe, California informed the case is pending review. Mr. Watts did not contact USPO Perez to advise of the arrest. He released from custody on the same date. USPO Perez contacted Mr. Watts and instructed him to report to the U.S. Probation Office. On February 19, 2020, Mr. Watts reported to the office and was admonished for not reporting the arrest to USPO Perez. Mr. Watts admitted verbally and in writing to USPO Perez that he consumed alcoholic beverages on January 28 and February 13, 2020. He was instructed to increase substance abuse treatment sessions with the treatment provider and to return to his residence in Amarillo and cease out of town travel for work. Mr. Watts was given time to return to California and gather his belongings and was instructed to return to the U.S. Probation Office on February 28, 2020.

On February 21, 2020, in Elko, Nevada, Jeffrey Watts was stopped for speeding by an officer with the Nevada Highway Patrol Division who discovered Mr. Watts was operating a motor vehicle while intoxicated, as evidenced by his arrest for Driving Under the Influence, Above Legal Limit and Open Alcohol Container in Vehicle in violation of State Statutes 53900 48C.110.1a and 53952 484B.150.2, respectively. Mr. Watts submitted to a breath test and his results were .155 blood alcohol level. According to the arrest report he denied drinking; however, law enforcement found an open container with alcohol in the cup holder of the front seat and a bottle of vodka in the back seat.

Mr. Watts was released from custody on February 23, 2020, when he posted a $1,690.00 cash bond. Contact with the Elko Justice Court revealed he has an arraignment scheduled for March 25, 2020.

He has not been into the U.S. Probation office to discuss his arrest on February 21st; however, he communicated via email and admitted he may have a problem with alcohol and will meet with USPO Perez in the office on February 28, 2020.

During his supervision period Mr. Watts was employed with LegalMatch, which required travel as he met with past customers and attempted to sell legal representation to their companies. He also worked as a freelance writer and a content editor for other companies. His most recent employment is with the University of California at Davis where he is researching, interviewing and writing about the economic decline of small-town America. He explained this job requires travel in California and Colorado.

Focusing on Mr. Watts's success on supervision, USPO Perez exhausted various attempts to provide him with the necessary tools and environment to succeed; placement in treatment, flexibility regarding restitution payments and area of residence. Mr. Watts remains in default status and now has two new charges for driving under the influence. Based on the nature of his violations and the safety of the community, a Petition for Offender Under Supervision is being submitted to the Court for revocation proceedings.

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Not applicable |
| **Restitution:** | $4,631,291.00 |
| **Statutory Maximum for Reimposition of Supervised Release:** | 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). |

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG § 7B1.3(a)(2) and (c)(1), p.s. |
| **Criminal History Category:** | I | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 3 to 9 months | USSG §7B1.4(a), p.s. |
| **Restitution:** | $4,631,291.00 | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 27, 2020
Respectfully submitted,

_____
Teresa Perez
U.S. Probation Officer
Amarillo
Phone: 806-337-1755
Fax: 806-324-2125

Approved,

_____
William Cruz
Supervising U.S. Probation Officer
Phone: 806-337-1751

**Order of the Court:**

☐ No action.

☒ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐ The Issuance of a Summons

☐ Other or Additional: _____

☐ File under seal until further order of the Court.

_____
The Honorable Terry R. Means
Senior U.S. District Judge

March 2, 2020
Date